United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| DIANA A. MONROE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GOODFELLOW TOP GRADE,<br><br>　　　　Defendant. | Case No. 18-cv-07673-LB<br><br>**ORDER GRANTING REQUEST FOR PROTECTIVE ORDER AGAINST SCHEDULING DEPOSITION ON SEPTEMBER 4, 2019**<br><br>Re: ECF No. 40 |

The court assumes the reader's familiarity with the subject matter and procedural history of this case. The parties raise a dispute concerning the scheduling of the deposition of plaintiff Diana Monroe. The court can decide this matter without oral argument. N.D. Cal. Civ. L.R. 7-1(b).

Defendant Goodfellow Top Grade originally noticed Ms. Monroe's deposition for August 20, 2019.[1] On July 31, Goodfellow proposed (and Ms. Monroe agreed) to take Ms. Monroe's deposition off calendar given the imminent pretrial and trial deadlines in *Hill v. Goodfellow Top Grade*, No. 4:18-cv-01474-HSG (N.D. Cal.), another Title VII lawsuit against Goodfellow involving the same plaintiff and defense counsel, which is set to go to trial on September 9.[2]

---

[1] Joint Letter Br. – ECF No. 40 at 1. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 1–2; Joint Letter Br. Ex. A – ECF No. 40 at 7.

ORDER – No. 18-cv-07673-LB

United States District Court
Northern District of California

On August 21, Goodfellow asked to take Ms. Monroe's deposition on September 4.[3] Ms. Monroe objected, noting that the parties had agreed to take Ms. Monroe's deposition off calendar until after the *Hill* trial concluded, and offered instead to sit for a deposition in mid or late September.[4] Goodfellow responded that if Ms. Monroe agreed not to appear as a witness in the *Hill* trial, it would agree to depose her after the trial, but that otherwise it would take her deposition on September 4 so that it could hear her testimony before the trial.[5] Ms. Monroe now moves for a protective order, arguing that she and her counsel (who are representing her pro bono) are unavailable on September 4 and that compelling her to sit for a deposition on September 4 could implicate a conflict of interest by pressuring her counsel (who are also representing the plaintiff in *Hill* pro bono) to take her out of the *Hill* case to properly prepare her for her deposition here.[6]

To the extent that Goodfellow is trying to schedule Ms. Monroe's deposition for September 4 in order to be able to use her testimony in the *Hill* trial, its request is improper. On August 26, Goodfellow filed a motion to compel Ms. Monroe's deposition in *Hill*, and on August 27, the presiding judge there denied its motion.[7] It is not for Goodfellow to try to use this case to accomplish here what it could not accomplish there. To the extent that Goodfellow claims it needs to take Ms. Monroe's deposition in order to prepare for the settlement conference in this case, the settlement conference is not until October 21, which is over five weeks after the *Hill* trial is scheduled to end. The court finds that Ms. Monroe has shown good cause and grants her request

---

[3] Joint Letter Br. – ECF No. 40 at 2; Joint Letter Br. Ex. B – ECF No. 40 at 10.

[4] Joint Letter Br. – ECF No. 40 at 2; Joint Letter Br. Ex. B – ECF No. 40 at 10.

[5] Joint Letter Br. – ECF No. 40 at 2; Joint Letter Br. Ex. B – ECF No. 40 at 10.

[6] Joint Letter Br. – ECF No. 40 at 2; Joint Letter Br. Ex. B – ECF No. 40 at 9. Ms. Monroe also notes that the case is in the early stages of fact discovery and that she is still searching for documents responsive to Goodfellow's request, and that deposing her now runs the risk of Goodfellow's later seeking to take a second deposition of her after she produces documents. Joint Letter Br. – ECF No. 40 at 2–3.

[7] *Id.* at 3.

ORDER – No. 18-cv-07673-LB          2

for a protective order against scheduling her deposition on September 4. The court orders the parties to meet and confer about alternative dates after the *Hill* trial for Ms. Monroe's deposition.

**IT IS SO ORDERED.**

Dated: August 28, 2019

_____
LAUREL BEELER
United States Magistrate Judge